HENRY K. BOWRING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowring v. Commissioner
Docket No. 12425-91
United States Tax Court
T.C. Memo 1993-132; 1993 Tax Ct. Memo LEXIS 151; 65 T.C.M. (CCH) 2272; April 1, 1993, Filed *151 Decision will be entered for respondent. Held, Respondent's determinations of income tax deficiencies and additions to tax do not constitute estimated income tax within the meaning of I.R.C. sec. 6201(b)(1), which prohibits the assessment of estimated tax. Henry K. Bowring, pro se. For respondent: Patrick W. Lucas. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: By statutory notice of deficiency respondent determined the following deficiencies in and additions to petitioner's federal income tax: Additions to tax -- Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1984
$  1,676.00
$    73.00
$    83.80
[1]
--  1985
$ 25,485.58
$ 6,371.39
$ 1,274.28
[2]
$ 1,455.27
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 15,956.00
$ 3,989.00
$   797.80
[3]
$   771.15
1987
$ 23,655.20
$ 4,856.80
$ 1,182.76
[4]
--  6653(a)(1)
1988
$ 16,462.48
$ 4,108.62
$   823.12
--
$ 1,048.61
*152 Unless otherwise indicated, all section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure. For convenience and clarity we have combined our findings of fact and opinion. Petitioner was a resident of California when he filed his petition. Petitioner declined to enter into a meaningful stipulation for trial, as required by Rule 91, and declined to respond in a meaningful manner to respondent's request for admissions. Consequently, the following facts were deemed established: In 1984, petitioner received $ 14,374 as wages from Intercon Systems Corporation. In 1985, petitioner received $ 63 as interest from the U.S. Treasury, $ 1,337 in tax refunds from the State of California, $ 17,085 as non-employee commissions from Contract Software Services, Inc., and $ 48,526 as non-employee commissions from Analytic Specialties Corporation. In 1986, petitioner received $ 489 as interest from the U.S. Treasury, $ 128 as interest from Home Federal Savings and Loan Association (Home Federal), and $ 44,319 as non-employee commissions from Systems Software Inc. (Systems Software). In 1987, petitioner received $ 150 as interest *153 from Home Federal, $ 2,675 as non-employee commissions from Systems Software, $ 30,174 as wages from Systems Software, and $ 48,561 as wages from Infotec Development Inc. (Infotec). In 1988, petitioner received $ 128 as interest from Home Federal, $ 28 as interest from Gibraltar Savings, and $ 68,250 as wages from Infotec. Petitioner filed no Federal income tax returns for any of the years in question. When this case was called for trial, petitioner declined to call any witnesses, insisting instead that his case involved "an issue of law." Paragraph 3 of the petition states: 3. Petitioner assigns the following errors which have been committed in the determination for an unpaid amount of estimated income tax. 3.A. Respondent is statutorily prohibited from assessing petitioner for an unpaid amount of estimated income tax. 3.B. Respondent arbitrarily determined an addition, to an unpaid amount of estimated income tax, provided for by Section 6653(A)(1). 3.C. Respondent is prohibited, by regulation, from assessing an addition, to an unpaid amount of estimated income tax, provided for by Section 6651(A). 3.D. Respondent is statutorily prohibited from assessing interest *154 upon an unpaid amount of estimated income tax as determined pursuant to Section 6653(A)(2). 3.E. Respondent erroneously determined the amount of the deficiency pertaining to year 1984. 3.F. Respondent erroneously determined the amount of an addition to an unpaid amount of estimated income tax provided for by Section 6651(A) pertaining to year 1984. 3.G. Respondent erroneously determined the amount of an addition to an unpaid amount of estimated income tax provided for by Section 6653(A)(1) pertaining to year 1984. (Emphasis in petition.) Petitioner makes no reference in paragraph 3 to years succeeding 1984, but the parties appear to have proceeded on the basis that the determinations for all years, 1984-1988, are in issue. To petitioner's Motion for Protective Order which was filed with the Court prior to trial, and denied, there was attached a copy of a March 26, 1992, letter which petitioner wrote to an I.R.S. employee. In the letter petitioner states, among other things, that I have claimed that respondent has erroneously determined to assess me for an unpaid amount of estimated income tax as a matter of law. See paragraph numbered 3.A. of the petition, and I.R.C. Section *155 6201(b)(1). I.R.C. Section 6201(b)(1) clearly states that no unpaid amount of estimated income tax, required to be paid under section 6654, shall be assessed. Respondent, in this case, has or intends to assess me for an unpaid amount of estimated income tax which is prohibited by statute, i.e., I.R.C. 6201(b)(1). Barnes v. Comm., [sic] 408 F.2d 65, 68 (1969). No interpretation, of either section 6654(a) or 6201(b)(1) is necessary where "The starting point in any endeavor to construe a Statute is always the words of the Statute itself; unless Congress has clearly indicated that its intentions are contrary to the words it employed in the Statute, this is the ending point of interpretation." Richards v. United States, 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962). emp. added [sic] Where respondent, in this case, has determined to assess this petitioner for an unpaid amount of estimated income tax, I am not required to produce evidence to overcome the presumption of correctness, of the deficiency determination, when I can show that the deficiency determination was made with *156 an erroneous view of the law. Clinton Cotton Mills, Inc. v. Comm., [sic] 78 F.2d 292 (4th Cir. 1935); Estate of Bryan v. Comm., [sic] T.C. Memo. 1963-182, affd. on other grounds 364 F.2d 751 (4th Cir. 1966); Casey v. Comm., [sic] 38 T.C. 357 (1962); United States v. Hover, 268 F.2d 657 (9th Cir. 1959); Farber v. Comm., [sic] 43 T.C. 407 (1965). [Emphasis in original.] Section 6201(b)(1) provides: (b) AMOUNT NOT TO BE ASSESSED. -- (1) ESTIMATED INCOME TAX. -- No unpaid amount of estimated income tax required to be paid under section 6654 or 6655 shall be assessed. Petitioner appears to be arguing that respondent's determinations are merely estimations of income taxes owed by petitioner, and since section 6201(b)(1) forbids the assessment of estimated income taxes, respondent cannot prevail. Therefore, petitioner believes he need go no further in putting on evidence to contest respondent's deficiency determinations. We addressed this identical argument in Wertheim v. Commissioner, T.C. Memo. 1992-201, *157 affd. without published opinion 981 F.2d 1261 (9th Cir. 1992), and need simply repeat what we said there: Petitioner maintains that the deficiencies are nothing more than estimated income taxes, the assessment of which is prohibited by section 6201(b)(1) which provides that "No unpaid amount of estimated income tax required to be paid under section 6654 * * * shall be assessed." Based upon this premise, * * * [taxpayer] argues that not only the underlying deficiencies but the additions to tax based thereon are illegal and that respondent's notices of deficiency are invalid and consequently the burden of proof is on respondent. * * * * * * [Taxpayer] totally misconceives the terms of the notices of deficiency and the applicability of section 6201(b)(1). Although the deficiencies are founded upon respondent's determination of unreported income, * * * they do not represent estimated taxes within the meaning of section 6654. They are determinations of the actual income taxes which respondent claims that * * * [taxpayer] should pay, together with the applicable additions to tax. Section 6201(b)(1) originated in section 5 of the Current Tax Payment Act of *158 1943, ch. 120, 57 Stat. 126, 143, which dealt exclusively with the pay-as-you-go system by way of estimated tax payments. The committee reports make clear that Congress was speaking only in terms of the "estimated tax" and did not intend to restrict respondent's ability to pursue the remedies otherwise available to her to collect taxes due even though based on an estimate made by respondent. See H. Rept. 401, 78th Cong., 1st Sess. 36 (1943), 1943 C.B. 1283, 1310; S. Rept. 221, 78th Cong., 1st Sess. 40 (1943), 1943 C.B. 1314, 1344; H. Conf. Rept. 510, 78th Cong., 1st Sess. 54 (1943), 1943 C.B. 1351, 1370. Thus, it appears that section 6201(b)(1) was inserted into the Code to make certain that respondent could not claim payment of both income taxes and estimated taxes. [Fn. ref. omitted.] The long and short of the matter is that the notices of deficiency are valid and petitioner has the burden of proof as to all matters contained therein. Rule 142(a). As we have already indicated, petitioner has declined to adduce any further evidence on the basis of which he might have challenged respondent's determination *159 of income tax deficiencies and additions to tax. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. 50 percent of the interest due on $ 1,676.00.↩
2. 50 percent of the interest due on $ 25,485.58.↩
3. 50 percent of the interest due on $ 15,956.00.↩
4. 50 percent of the interest due on $ 23,655.20.↩